**Scott M. MORRISON, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–7284.

Court of Appeals of Alaska.

Sept. 8, 2000.

---

Colleen A. Kosluchar, Niewohner & Associates, Fairbanks, for Appellant.

Douglas H. Kossler, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

COATS, Chief Judge.

A sentencing judge referred a presumptive sentencing case to the three-judge sentencing panel so that the defendant might receive earlier eligibility for parole than is normally allowed under presumptive sentencing. The three-judge panel concluded that the defendant should not be eligible for parole until he had served 4 years in prison. Even though the defendant would have faced a similar parole restriction if he had been sentenced under the normal presumptive sentencing rules, the three-judge panel retained the defendant's case and proceeded to sentence the defendant. We hold that this was error. Under these circumstances, the panel was required by AS 12.55.175(b) to decline the

case—to send the case back to the single judge for sentencing.

### Facts of the case

Scott Morrison drove a motor vehicle while he was intoxicated. He struck another car, killing the driver and injuring two passengers. Morrison ultimately pleaded no contest to two class A felonies: manslaughter [1] and first degree assault.[2] As a first felony offender, Morrison faced a maximum sentence of 20 years' imprisonment and a 5–year presumptive term for each of these crimes.[3]

Morrison proposed two mitigating factors not listed in AS 12.55.155(d): uncommon potential for rehabilitation, and exemplary post-offense behavior. Superior Court Judge Richard A. Savell concluded that Morrison had proven both of these non-statutory mitigators. He further concluded that it would be manifestly unfair not to adjust Morrison's sentence on account of these non-statutory factors. Accordingly, pursuant to AS 12.55.165, Judge Savell referred Morrison's case to the three-judge sentencing panel.

The three-judge panel agreed that Morrison had proven the two non-statutory mitigators. However, before imposing its final sentence, the panel asked Judge Savell to indicate the type of sentence he would have imposed if he had not been constrained by the normal presumptive sentencing rules.

Responding to the three-judge panel's inquiry, Judge Savell announced that he thought Morrison should receive a sentence of 8 years with 2 or 3 years suspended—that is, 5 or 6 years to serve. Such a sentence would be within Judge Savell's normal sentencing authority as a single judge. However, based on the two non-statutory mitigating factors, Judge Savell concluded that this sentence would be manifestly unjust unless Morrison was eligible for discretionary parole after serving 2½ years of a 5–year sentence or, alternatively, after serving 2 years of a 6–year sentence. Under the presumptive sentencing laws, Morrison would not be eligible for discretionary parole until he had served 5 years in prison (the minimum presumptive

---

1. AS 11.41.120(a).

2. AS 11.41.200(a).

3. AS 12.55.125(c)(1).

term that Judge Savell could impose), and Judge Savell had no authority to alter Morrison's parole eligibility.[4] This, Judge Savell explained, was the reason he had referred Morrison's case to the three-judge panel.

Upon receiving Judge Savell's response, the three-judge panel imposed its final sentence. By a vote of two to one, the panel sentenced Morrison to 8 years with 1 year suspended—that is, 7 years to serve. The panel ordered that Morrison be eligible for parole after serving 4 years of this sentence.

The panel majority concluded that this sentence was appropriate even though it exceeded the sentence envisioned by Judge Savell. The majority believed that it could exceed Judge Savell's recommendation because, once the panel agreed that non-statutory mitigators existed, "the [defendant's] sentence is to be determined by the panel alone." The minority member of the panel, Judge Walter L. Carpeneti, argued that the panel's action violated the policy embodied in *Heathcock v. State*.[5] He pointed out that the panel had imposed more time to serve than Judge Savell said he would have imposed (7 years as opposed to 6) and, at the same time, the panel had delayed Morrison's parole eligibility until he had served 4 years, not the 2 years suggested by Judge Savell. Judge Carpeneti believed that most people would perceive the panel's sentence as more severe than what Morrison would have received from Judge Savell, and he feared that such sentences would deter defendants from seeking referrals to the three-judge panel.

Morrison now appeals. He asks us to hold, as a matter of law, that the three-judge panel exceeded its authority when it imposed a sentence greater than the sentence envisioned by Judge Savell. The state, on the other hand, urges us to hold that, once Judge Savell referred the case to the three-judge panel, and the panel agreed that Morrison had proved non-statutory mitigators, the panel had complete discretion regarding the sentence Morrison should receive.

*Based on AS 12.55.175(b), as construed in Heathcock v. State, we reject the positions of both parties*

Morrison argues that the three-judge panel cannot impose a sentence more severe than the longest sentence envisioned by the single sentencing judge—in this case, 8 years with 2 years suspended (6 years to serve), and parole eligibility after 2 years. But in *Heathcock v. State*, we stated that once the three-judge panel agrees with the single judge that a departure from the presumptive sentencing scheme is necessary, "[t]he panel then decides the degree of departure in imposing the sentence. This means that the departure from the presumptive sentencing scheme will not turn on the evaluation of one judge."[6]

Thus, in Morrison's case, even if the three-judge panel had agreed with Judge Savell that Morrison should receive early parole eligibility, the panel still might properly disagree with Judge Savell concerning the amount of parole leniency Morrison should receive. For instance, we believe that, consistent with *Heathcock*, the panel might have sentenced Morrison to serve 6 years with parole eligibility after 3 years.

On the other hand, we reject the state's contention that, once the three-judge panel agrees with the single judge that it would be manifestly unjust to fail to consider non-statutory aggravators or mitigators, the panel has complete discretion to impose any sentence within its authority. This contention is likewise inconsistent with AS 12.55.175 as construed in *Heathcock*. As we noted in *Heathcock*, the legislative commentary to AS

---

**4.** A defendant who is sentenced under the normal presumptive sentencing laws has only limited eligibility for discretionary parole. *See* AS 12.55.125(g)(3), AS 33.16.090(b)—(c), and AS 33.16.100(c)—(d). In Morrison's case, Judge Savell intended to impose partially consecutive presumptive terms. Because of this, Morrison would not be eligible for discretionary parole until after he served his initial 5-year presumptive term. *See* AS 33.16.090(b); *see also Hampel v. State*, 911 P.2d 517, 520–23 (Alaska App.1996)

(construing the predecessor to AS 33.16.100(d) and holding that, for purposes of calculating a prisoner's eligibility for discretionary parole, a mandatory minimum term of imprisonment is not reduced by good time credit).

**5.** 670 P.2d 1155 (Alaska App.1983).

**6.** *Id.* at 1157–58 (citation omitted).

12.55.175 directs the three-judge panel to take different actions, depending on whether the panel concludes that justice manifestly requires a sentence outside the normal presumptive sentencing limits:

> If the three-judge panel agrees with the sentencing court and finds that manifest injustice would result from imposition of the presumptive term, it may sentence the defendant to any term of imprisonment, up to the maximum authorized for the offense, or may impose any other sentence authorized in § 12.55.005.

> If the three-judge panel does not agree with the sentencing court's finding [of manifest injustice], *it is required to remand the case to the sentencing court* with a written statement of its findings and conclusions for sentencing under § 12.55.125.[7]

◼ In other words, even though the three-judge panel in Morrison's case agreed with Judge Savell that Morrison had established two non-statutory mitigating factors, the three judges had to collectively answer one more question before deciding whether to sentence Morrison themselves or remand Morrison's case to Judge Savell. After conducting the renewed sentencing proceedings authorized by AS 12.55.175(b), the members of the panel had to decide whether it would be manifestly unjust to impose a sentence within the range allowed by the normal presumptive sentencing rules.

◼ As explained more fully in the next section, if the three-judge panel concludes that the proper sentence for a defendant is a sentence that the single judge was authorized to impose, the panel is obliged under AS 12.55.175(b) to remand the case to the single judge for sentencing. The statute authorizes the three-judge panel to keep the case and sentence the defendant only if the panel concludes that a proper sentence lies outside the range of sentences that the single judge was authorized to impose.

*The three-judge panel violated AS 12.55.175(b) by failing to remand Morrison's case to Judge Savell after the panel concluded that Morrison should not be eligible for parole until he had served 4 years—because Judge Savell could have imposed such a sentence as a single judge.*

◼ Under AS 12.55.165, a sentencing judge is directed to refer a case to the three-judge panel if the judge finds by clear and convincing evidence "that manifest injustice would result from failure to consider relevant aggravating or mitigating factors not included in AS 12.55.155". In *Bossie v. State*,[8] we construed this statutory language to mean that "a case should be referred to the three-judge panel if (1) a non-statutory factor has been proved, and (2) it would be manifestly unjust to fail to adjust the presumptive term by some amount, no matter how small, on account of this non-statutory factor."[9]

When a single judge refers a case to the three-judge panel, the panel's initial duty under AS 12.55.175(b) is to decide whether they agree with the single judge's assessment of manifest injustice. Section 175(b), in wording that echoes section 165, directs the three-judge panel to re-assess whether "manifest injustice would result from failure to consider relevant aggravating or mitigating factors not included in AS 12.55.155". To do this, the panel must undertake the two-part analysis explained in *Bossie*.[10]

The three-judge panel must first decide whether they agree with the single judge that non-statutory factors have been proved. If the three-judge panel agrees that non-statutory factors are present, the panel must next decide whether it would be manifestly unjust for a court to sentence the defendant without deviating by some amount, no matter how small, from the normal constraints of the

---

7. *Id.* at 1157 (original emphasis deleted; new emphasis added).

8. 835 P.2d 1257 (Alaska App.1992).

9. *Id.* at 1259.

10. *See Lowe v. State,* 866 P.2d 1320, 1322 (Alaska App.1994) (holding that AS 12.55.175(b) requires the three-judge panel to engage in the same *Bossie* analysis that a single judge must engage in when the single judge decides whether to refer a case to the three-judge panel under AS 12.55.165).

presumptive sentencing laws. If the answer to both of these questions is "yes", then AS 12.55.175(b) directs the three-judge panel to sentence the defendant in accordance with the rules contained in AS 12.55.175(c)—(e). But if the answer to either of these questions is "no", then the statute directs the three-judge panel to "remand the case to the sentencing court ... for sentencing under AS 12.55.125". That is, the statute requires the three-judge panel to decline the case and to order the single judge to sentence the defendant under the normal presumptive sentencing rules.

In Morrison's case, the three-judge panel agreed with Judge Savell that Morrison had proved two non-statutory mitigating factors. However, the panel then concluded that Morrison should receive a sentence of 8 years with 1 year suspended (7 years to serve), with parole eligibility after 4 years. By imposing this sentence, the three-judge panel implicitly demonstrated their belief that Morrison could receive a fair sentence within the normal constraints of the presumptive sentencing rules.

Even though presumptive sentencing defendants have only limited eligibility for discretionary parole, they retain normal eligibility for mandatory parole—the parole release that occurs by operation of law if a defendant observes good behavior during two-thirds of their prison sentence.[11] Thus, if Judge Savell had not referred Morrison's case to the three-judge panel—if Judge Savell had simply sentenced Morrison to serve 6 years (8 years with 2 years suspended)—Morrison would have been eligible for parole after serving 4 years of this sentence, assuming he maintained good behavior. Morrison's eligibility for parole after 4 years would not

require any deviation from the normal rules of presumptive sentencing.

As explained above, Judge Savell believed that Morrison should be eligible for an earlier parole, after he had served 2 or 2½ years. But the three-judge panel rejected Judge Savell's suggestion; they concluded that Morrison should not be eligible for parole until he had served 4 years in prison.[12]

By deciding that Morrison should serve 4 years in prison before becoming eligible for parole, the three-judge panel implicitly concluded that there would be no manifest injustice in allowing Morrison's parole eligibility to be set under the normal rules governing presumptive sentencing—no manifest injustice in remanding the case to Judge Savell and directing him to sentence Morrison under the constraints that apply to a single judge. This being so, the panel was obliged under AS 12.55.175(b) to return Morrison's case to Judge Savell.

### Conclusion

The three-judge panel exceeded its authority when it sentenced Morrison rather than remanding Morrison's case to Judge Savell. The sentence imposed by the three-judge panel is therefore VACATED. This case is remanded to Judge Savell with directions to sentence Morrison within the normal rules governing presumptive sentencing.

---

**11.** *See* AS 33.16.010(c) and AS 33.20.010—060.

**12.** The panel apparently believed that Morrison would not be eligible for parole release until he

had served 5 years in prison, and that they were extending a benefit to Morrison when they made him eligible for parole after 4 years.