James L. WOODS, Appellant,

v.

STATE of Alaska, Appellee.

No. 6180.

Supreme Court of Alaska.

July 15, 1983.

Mitchell A. Seaver, Ketchikan, for appellant.

David Mannheimer, Asst. Atty. Gen., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BURKE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ., and DIMOND, Senior Justice.*

## OPINION

RABINOWITZ, Justice.

James Woods was indicted for the crime of kidnapping and rape of R.M. Woods subsequently pleaded no contest to sexual assault in the first degree.[1] Because the record established that Woods had committed two prior felonies he was sentenced as a third felony offender for purposes of Alaska's presumptive sentencing scheme. The presumptive sentence for a class A offense for a third felony offender is fifteen years.[2] The superior court found both aggravating and mitigating factors and after weighing them decided to extend the presumptive sentence by two years, thus sentencing Woods to a total period of confinement of seventeen years.[3]

Woods then appealed to the court of appeals, claiming that the superior court considered impermissible factors in adjusting the presumptive sentence upwards. The court of appeals affirmed the sentence and we subsequently granted Woods' petition for hearing.

## I.

## FACTS

On the evening of September 11, 1980, 19-year-old R.M. went out to dinner in Craig, Alaska, with a group of friends and later went drinking at a bar in Craig. Subsequently, R.M. asked Woods for a ride to her home in Klawock. Woods then drove R.M. about a mile past Klawock to an isolated area where a chlorinator building was located.

Woods pulled R.M. by her hair into the building. Then he struck her about the head with his hand. R.M. asked Woods to stop, in response Woods ordered her to keep quiet. When one of R.M.'s shoes came off Woods used the shoe to strike R.M. about her head. Woods then raped R.M. Afterwards, Woods left the building, then returned and placed rags over R.M.'s head, tying one loosely around her neck. Woods left the chlorinator building again, this time blocking the door shut with a metal sign post. R.M. eventually escaped from the building and reported the rape.

## II.

## AGGRAVATING FACTORS—PRESUMPTIVE SENTENCING

Since Woods had two prior felony convictions he was subject to a presumptive sentence of fifteen years upon his conviction of the crime of sexual assault in the

---

* Dimond, Senior Justice, sitting by assignment made pursuant to article IV, section 11 of the Constitution of Alaska.

1. AS 11.41.410(a)(1).

2. AS 12.55.125(c)(3).

3. The kidnapping charge was dismissed following sentencing of Woods on the charge of sexual assault in the first degree.

first degree.[4] At the sentencing hearing which was held by the superior court in regard to aggravating and mitigating factors, the court informed counsel that two additional aggravating factors would be relied on in determining the sentence.[5] First, the superior court considered testimony regarding a prior alleged sexual assault by Woods of S.P. as an aggravating factor.[6] Second, the superior court considered the fact that Woods was on probation from his prior felony convictions at the time he committed the sexual assault of R.M. as a factor in aggravation of the presumptive sentence.

Woods contends that the superior court erred in imposing his sentence by considering his alleged sexual assault of S.P. as well as the fact that he was on probation at the time he committed the offense. The superior court considered these as aggravating factors without first referring the matter to a three-judge sentencing panel pursuant to AS 12.55.165. At the time of Woods' sentencing, AS 12.55.155(c) enumerated eighteen aggravating factors to be considered by a court in determining a sentence.[7] None of the listed aggravating factors included prior acts which did not result in conviction nor the probation status of the defendant at the time of the current offense.[8] Woods' position is that the enumer-

ation of aggravating factors contained in AS 12.55.155(c) is exclusive.

The state concedes that the superior court erred in considering aggravating factors which were not listed in AS 12.55.155(c). We think the state's concession is well-founded. At the time of sentencing, AS 12.55.165 (amended 1982) provided:

> If the defendant is subject to sentencing under AS 12.55.125(c)(1), (c)(2), (c)(3), (d)(1), (d)(2), (e)(1) or (e)(2) of this chapter and the court finds by clear and convincing evidence that manifest injustice would result from failure to consider relevant aggravating or mitigating factors not specifically included in AS 12.55.155 or from imposition of the presumptive term, whether or not adjusted for aggravating or mitigating factors, the court shall enter findings and conclusions and cause a record of the proceedings to be transmitted to a three-judge panel for sentencing under AS 12.55.175.[9]

Of further significance is the court of appeals' opinion in *Juneby v. State,* 641 P.2d 823 (Alaska App.1982), *aff'd in relevant part on rehearing, Juneby v. State,* (*Juneby II*), 665 P.2d 30 (Alaska App., 1983). After undertaking a thorough review of the history and purpose behind the Alaska legislature's 1978 enactment of a presumptive sentencing scheme, the court of appeals concluded in part that:

---

**4.** AS 12.55.125(c)(3).

**5.** Prior to this hearing, the state had served notice that it intended to rely upon the following aggravating factors:
 1. [R.M.] sustained physical injury to her head and face, including but not limited to pain, as the direct result of being struck by James Woods during the sexual assault. AS 12.55.155(c)(1).
 2. The defendant has a prior criminal conviction for attempted rape, . . . that involved an aggravated instance of assaultive behavior. That behavior was testified to by [J.S.] on March 4, 1981, during the instant trial. AS 12.55.155(c)(8).
 3. The conduct constituting the instant offense was among the most serious conduct included in the offense. AS 12.55.155(c)(10).

**6.** The superior court determined that Woods' sexual assault of S.P. was "verified," i.e., substantiated by supporting information. *Nukapi-*

*gak v. State,* 562 P.2d 697, 701 n. 2 (Alaska 1977), *aff'd on rehearing,* 576 P.2d 982 (1978).

**7.** AS 12.55.155(d) listed thirteen mitigating factors.

**8.** Since Woods' sentencing, however, the legislature has amended AS 12.55.155(c) to add these factors as aggravating circumstances. AS 12.55.155(c) now includes the following factors:
 > (8) The defendant's prior criminal history includes conduct involving aggravated or repeated instances of assaultive behavior;
 > . . . .
 > (20) The defendant was on furlough under AS 33.30 or on parole or probation for another felony charge or conviction.
 §§ 36, 38, 39, 42, ch. 143 SLA 1982.

**9.** AS 12.55.175, in turn, provides that the three-judge panel may consider factors not specifically listed in AS 12.55.155.

The presumptive sentencing provisions ... reflect the legislature's intent to assure predictability and uniformity in sentencing by the use of fixed and relatively inflexible sentences, statutorily prescribed, for persons convicted of second or subsequent felony offenses.

. . . .

... Under AS 12.55.155(c), eighteen aggravating factors are enumerated; thirteen mitigating factors are listed under AS 12.55.155(d). *Only the factors specifically stated may be considered by the court in determining whether a presumptive sentence should be adjusted.*[10]

Thus, we hold that the superior court erred in taking into consideration aggravating factors which were not enumerated in AS 12.55.155(c) at the time of Woods' sentencing. If satisfied that manifest injustice would result from failure to consider these aggravating factors, the superior court was required to transmit the case to a three-judge panel for sentencing. AS 12.55.165. Thus, we hold that the court erred in imposing sentence itself, based partly on these factors.

### III.

### WHETHER IN SENTENCING WOODS THE SUPERIOR COURT ERRED IN CONSIDERING PHYSICAL INJURY TO R.M. AS AN AGGRAVATING FACTOR

The superior court determined that the physical injuries sustained by R.M. constituted an aggravating factor. The trial court's reasoning was as follows:

Given the current definition of rape ... I do not consider that ... the use of physical force by means of a fist or a hand or whatever, is a necessary element in this charge. I think that the legisla-

ture made it very clear that rape now is complete when the sexual conduct, whatever it is, is accomplished without the consent of the other person .... [Here t]here were bumps on the head, cuts in the mouth, and those are clearly physical injuries .... [T]he scale tipped a little bit on the aggravating side.

Woods takes the position that the superior court's consideration of R.M.'s physical injuries as an aggravating factor was error, in light of AS 12.55.155(e), which provides in part:

If a factor in aggravation is a necessary element of the present offense, that factor may not be used to aggravate the presumptive term.

A necessary element of the offense of sexual assault in the first degree is that sexual penetration must have occurred "without consent" of the victim.[11] The definition of "without consent" is found in AS 11.41.-470(3) which provides:

(3) "without consent" means that a person

(A) with or without resisting is coerced by the use of force against a person or property, or by the express or implied threat of imminent death, imminent physical injury, or imminent kidnapping to be inflicted on anyone; or

(B) is incapacitated as a result of an act of the defendant.[12]

 Given the definition of the term "without consent" provided in AS 11.41.-470(3), lack of consent can be established through proof of coercion arising from a mere threat of imminent physical injury. No actual physical injury need occur. Thus we agree with the state's position that the victim's physical injury is not a necessary element of the crime of sexual assault in the first degree. We therefore, hold that

---

10. *Juneby,* 641 P.2d at 830–32 (Alaska App. 1982) (footnotes omitted) (emphasis added), *aff'd in relevant part on rehearing, Juneby II,* 665 P.2d 30 (Alaska App., 1983).

11. AS 11.41.410(a)(1).

12. Woods contends that the acts of striking R.M., with a hand and a shoe, were merely "the

use of force" necessary to accomplish sexual penetration "without consent." "Force" is defined in AS 11.81.900(b)(22) as follows:

"[F]orce" means any bodily impact, restraint, or confinement or the threat of imminent bodily impact, restraint, or confinement; "force" includes deadly and nondeadly force.

the superior court could properly consider R.M.'s physical injuries as an aggravating factor in sentencing Woods.[13] The weight to be assigned to this aggravating factor is a question which is committed to the sentencing court's discretion. The superior court did not dictate the relative weights assigned to the three aggravating factors considered in increasing the presumptive sentence by two years. Thus, further sentencing proceedings are necessary.

The decision of the court of appeals affirming the judgment of the superior court is reversed and the matter remanded to the court of appeals for the purpose of remanding to the superior court with directions to vacate the sentence previously entered and to conduct further sentencing proceedings in conformity with this opinion.

REVERSED.

---

13. AS 12.55.155(c)(1) provides:

The following factors shall be considered by the sentencing court and may aggravate the presumptive terms set out in AS 12.55.-125:

(1) a person, other than an accomplice, sustained physical injury as a direct result of the defendant's conduct.

To the extent that our conclusion that the sentencing court could properly consider R.M.'s physical injuries as an aggravating factor is inconsistent with *Juneby*, 641 P.2d at 837–40, and *Juneby II*, 665 P.2d 30 at 34–37 (Alaska App., 1983), those opinions of the court of appeals are hereby modified.

Inherent in our conclusion is a rejection of Woods' double jeopardy argument.