**Paul S. HASSLEN, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 7552.

Court of Appeals of Alaska.

Aug. 12, 1983.

Paul Canarsky, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Harry L. Davis, Dist. Atty., Fairbanks, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

SINGLETON, Judge.

Paul S. Hasslen pled *nolo contendere* to one count of first-degree sexual assault, a class A felony, former AS 11.41.410(a)(1), and one count of first-degree assault, also a class A felony, AS 11.41.200. He received consecutive presumptive sentences of fifteen and ten years respectively for a total sentence of twenty five years' confinement. He appeals contending that the sentence is excessive. We affirm.

The record reflects that Hasslen had performed some construction work on the house of D.H. The house is situated in an isolated area, approximately one hundred yards from the nearest residence. Hasslen determined to burglarize the D.H. residence. To prevent interference, he killed D.H.'s dog and removed the fuses from her telephone fuse box. He then broke into the residence and accosted D.H. with a drawn gun. Hasslen marched D.H. around the house and then struck her on the back of the head. She feigned unconsciousness in the hope that Hasslen would leave without molesting her. Eventually, Hasslen blindfolded and gagged D.H. He partially undressed her, leaving her shirt pulled up over her head. At one point Hasslen inserted his finger into her rectum and fondled her breasts and other parts of her body. He dragged her half-way onto a bed and began to rub his body against her. He tried to have sexual intercourse with her but was unable to have an erection.

He rummaged through cabinets and closets, ultimately taking money from D.H.'s and her son's wallets. D.H. was able to free herself and ran to the garage where she jumped into her car, locked all the car doors, and opened the garage door by a remote control opener. Hasslen heard her, rushed to the garage, and stood by the car door with his gun. He told her to stop. She ducked down in the car and Hasslen fired a shot. D.H.'s keys were in the car and she succeeded in getting it started and backing it out of the garage. Hasslen again shot at her as she was leaving, this

time shattering the back windshield and hitting her in her side and arm. She escaped and sought aid. In addition to her gunshot wound, D.H. had broken a bone in her foot, in two places, running to her car. Evidence presented at sentencing established that D.H. suffered substantial emotional trauma in addition to her physical injuries.

At the time of the offense, a defendant convicted of a class A felony was subject to a term of imprisonment of not more than twenty years with a definite presumptive term of six years if the defendant used a firearm or caused serious physical injury. Former AS 12.55.125(c). The presumptive term could be increased up to the maximum term of imprisonment if specified statutory aggravating factors were found. Former AS 12.55.155(a)(2); *see* AS 12.55.155(c)(1)–(18).

Prior to sentencing, the state asked the trial court to consider four aggravating factors: (1) a person other than an accomplice sustained physical injuries as a direct result of Hasslen's conduct; (2) Hasslen's conduct manifested deliberate cruelty to D.H.; (3) Hasslen knew that D.H. was particularly vulnerable and substantially incapable of exercising normal physical or mental powers of resistance because he had hit her on the head and thought she was unconscious; and (4) Hasslen's conduct was among the most serious conduct included in the definition of the offense of sexual assault. *See* AS 12.55.155(c)(1), (2), (5), (10). Judge Blair found that the state had proved the existence of each of these factors by clear and convincing evidence. In addition, although the state had not alleged any aggravating factors as to the charge of first-degree assault, the court found *sua sponte* that the assault was also among the most serious contemplated within its definition.

Judge Blair's finding that D.H. was the victim of deliberate cruelty may be vulnerable under our decision in *Juneby v. State,* 641 P.2d 823 (Alaska App.1982), *modified on rehearing,* 665 P.2d 30 (Alaska App.1983); *but see Woods v. State,* 667 P.2d 184 (Alaska 1983). Nevertheless, his conclusion that D.H. was particularly vulnerable was supported by clear and convincing evidence. More important, the finding that Hasslen's conduct was among the most serious contemplated in the definitions of first-degree sexual assault and first-degree assault were established by clear and convincing evidence and, standing alone, justify the total sentence imposed. Unquestionably, the burglary was premeditated: the victim's dog was killed and her telephone incapacitated to prevent an outcry. D.H. was assaulted in her own home, *see Erhart v. State,* 656 P.2d 1199, 1202 (Alaska App.1982) (when burglary is not separately charged, court may consider that it substantially aggravates sexual assault, AS 12.55.155(c)(10)), and shot while trying to escape. *See Helmer v. State,* 616 P.2d 884 (Alaska 1980) (thirty-year sentence reduced to twenty-five where seventeen-year-old, first offender raped fourteen-year-old victim, and then tried to beat her to death causing permanent serious physical injuries). Under the circumstances, the total sentence was not clearly mistaken. *See McClain v. State,* 519 P.2d 811 (Alaska 1974).

Hasslen does not claim surprise or other prejudice by virtue of the trial court's *sua sponte* finding that the shooting was among the most serious conduct contemplated by the statutory definition of first-degree assault. *See Hartley v. State,* 653 P.2d 1052, 1055–56 (Alaska App.1982).

The sentence of the superior court is AFFIRMED.[1]

---

1. Hasslen argues that consecutive sentences totaling twenty five years' imprisonment exceeds the maximum twenty-year sentence for class A felonies and therefore requires justification. *Mutschler v. State,* 560 P.2d 377 (Alaska 1977).

Judge Blair inferred from the facts of this case that Hasslen must be imprisoned for more than twenty years to protect the public. This finding implicit in his decision satisfies *Mutschler. Neal v. State,* 628 P.2d 19, 21 (Alaska 1981).