**James C. LOWE, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–5008.

Court of Appeals of Alaska.

Jan. 28, 1994.

William P. Bryson and Shelley K. Chaffin, Law Office of William P. Bryson, Anchorage, for appellant.

James L. Hanley, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before COATS and MANNHEIMER, JJ., and WOLVERTON, District Court Judge.

## · OPINION

COATS, Judge.

On the evening of May 9, 1992, eighteen-year-old Clyde Thompson and several friends were participating in a scavenger hunt organized by students at Service High School. One item on their list was a promotional balloon tethered to the roof of the Lo–Mark Furniture Store on Gambell Street. The youths obtained a pair of scissors and a knife to cut the balloon free and drove to the Lo–Mark Furniture Store parking lot. Several students scaled the roof of the store while others waited below.

At that time, the owner of the Lo–Mark Store, James C. Lowe, and his wife drove their motor home into the parking lot of the furniture store. They noticed two people on the roof who appeared to be stealing the balloon. Lowe yelled at the individuals and retrieved a six-shot .38 caliber revolver from his motor home. Lowe told his wife, "I'm gonna scare 'em to death this time." Lowe ran around the building, saw the individuals running toward a car, and fired six shots in their general direction.

One of Lowe's shots struck Clyde Thompson in the back. Thompson's companions realized that he had been seriously wounded

and drove him to the Alaska Medical Center for help. The bullet had pierced Thompson's heart, and he died at the hospital.

When the police investigated the incident, they found that three other shots which Lowe fired had struck rooms in the Samovar Inn. Two bullets had entered room number 40, striking a television set and mirror. This room was occupied by a man and his wife who fortunately were out to dinner when the bullets struck. Another bullet entered an unoccupied room.

Following the investigation, the state charged Lowe with murder in the second degree. Following a trial, a jury convicted Lowe of manslaughter.

Manslaughter is a class A felony with a maximum sentence of twenty years' imprisonment. AS 11.41.120 and AS 12.55.125. There is a presumptive sentence of five years' imprisonment for a first-felony offender, ten years for a second-felony offender, and fifteen years for a third-felony offender. AS 12.55.125(c). At the time of sentencing, Lowe was forty-eight years old and had no prior convictions.

Superior Court Judge Karl S. Johnstone found that two aggravating factors applied to Lowe's offense: that "the defendant employed a dangerous instrument in furtherance of the offense" and that "the defendant's conduct created a risk of imminent physical injury to three or more persons, other than accomplices[.]" AS 12.55.155(c)(4) and (6). Judge Johnstone found that no mitigating factors were applicable. Lowe does not contest these findings.

In the absence of mitigating factors, Judge Johnstone was required by law to impose at least the five-year presumptive sentence. Lowe contended that sentencing him to five years' imprisonment was manifestly unjust, and urged Judge Johnstone to refer the case to a three-judge panel pursuant to AS 12.55.-165.

Alaska Statute 12.55.165 provides:

> If the defendant is subject to sentencing [under presumptive sentencing] and the court finds by clear and convincing evidence that manifest injustice would result from failure to consider relevant aggrava-

ting or mitigating factors not specifically included in AS 12.55.155 or from imposition of the presumptive term, whether or not adjusted for aggravating or mitigating factors, the court shall enter findings and conclusions and cause a record of the proceedings to be transmitted to a three-judge panel for sentencing under AS 12.55.175.

A three-judge panel must adjust a defendant's sentence if it finds "that manifest injustice would result from failure to consider relevant aggravating or mitigating factors not specifically included in AS 12.55.155 or from imposition of the presumptive term." AS 12.55.175(b).

Lowe requested that Judge Johnstone refer his case to a three-judge panel on two grounds: (1) that manifest injustice would result from failure to consider Lowe's exceptional prospects for rehabilitation, and (2) that manifest injustice would result from imposition of the presumptive five-year term.

Judge Johnstone concluded that Lowe's case was appropriate for referral to a three-judge panel. In making this referral, Judge Johnstone found that although Lowe acted out of anger and frustration, he had not intended to shoot anyone. Judge Johnstone also found that while Lowe had acted recklessly in firing the shots, he had generally been a productive citizen who was extremely and genuinely remorseful. Judge Johnstone concluded that Lowe had excellent prospects for rehabilitation. He noted that this court has encouraged referral of debatable cases to a three-judge panel. *Bossie v. State*, 835 P.2d 1257, 1259 (Alaska App.1992); *Lloyd v. State*, 672 P.2d 152, 155 (Alaska App.1983).

A three-judge panel concluded that it would not be manifestly unjust to impose the presumptive five-year term and remanded the case back to Judge Johnstone. Judge Johnstone imposed the five-year presumptive sentence.

█ On appeal, Lowe contends that the three-judge panel failed to consider the issue of whether it was manifestly unjust to sentence him without considering his exceptional potential for rehabilitation. Having carefully reviewed the findings of the three-judge panel, we believe that the panel properly consid-

ered and rejected this issue. In its brief remarks rejecting Lowe's claim that his sentence should be less than the five-year presumptive term, the panel stated:

> In this case, it appears to the panel that, essentially, the counsel argued the referral on the basis of manifest injustice. The court notes that in connection with Judge Johnstone's remarks at the time of the original sentencing proceeding and the referral, he made a finding that there was extraordinary potential [for] rehabilitation. The court assumes that the referral was made also on the basis of manifest injustice not to consider the non-statutory aggravator.

In this context, it is clear that the three-judge panel considered Lowe's potential for rehabilitation but found that his actions were sufficiently reckless, and his crime sufficiently aggravated, that it would not be manifestly unjust to impose the five-year term without downward adjustment based on Lowe's prospects for rehabilitation.[1]

In *Bossie v. State,* 835 P.2d at 1257 (Alaska App.1992), we interpreted AS 12.55.165 "to mean that a case should be referred to the three-judge panel if (1) a non-statutory factor has been proved, and (2) it would be manifestly unjust to fail to adjust the presumptive term by some amount, no matter how small, on account of this non-statutory factor." *Id.* at 1259. Bossie had been convicted of manslaughter and second-degree assault for driving while intoxicated and colliding with another car, killing one person and injuring another. *Id.* at 1257. Judge Johnstone, who was also the sentencing judge in that case, found that while Bossie possessed exceptional potential for rehabilitation, his offense was sufficiently serious "that adjustment of the five-year presumptive term to take account of the non-statutory mitigator was not required to prevent manifest injustice." *Id.* at 1261. We upheld that finding.

The foregoing standard, which the sentencing judge applies in deciding whether to refer a case to a three-judge panel under AS 12.55.165, is the same standard a three-judge sentencing panel applies in deciding whether to adjust a sentence under AS 12.55.175. In the instant case, it is clear that the three-judge panel applied this standard and concluded that Lowe's offense was sufficiently aggravated and serious that it would not be manifestly unjust to sentence Lowe to the five-year presumptive term without adjustment for his excellent prospects for rehabilitation. We therefore find that the three-judge panel fully considered the rehabilitation issue and was not clearly mistaken in reaching its decision.

■ Lowe next contends that the three-judge panel erred in deciding that manifest injustice would not result from imposing the five-year presumptive term. We have no reason to question Judge Johnstone's finding that Lowe was a good citizen with excellent prospects for rehabilitation, who was angered and frustrated by an act of vandalism, and who was remorseful for his crime. Judge Johnstone found this to be a difficult case and properly referred it to a three-judge panel. However, the fact remains that this was a serious incident resulting in the death of a young man. The legislature has mandated a five-year presumptive term for a first felony offender convicted of manslaughter. Courts may deviate from presumptive sentences only when there are good reasons to do so. *Juneby v. State,* 641 P.2d 823, 829 (Alaska App.1982) *modified on other grounds,* 665 P.2d 30 (Alaska App.1983).

In a society in which ownership of deadly weapons is common, people have a right to expect responsible use of those weapons. Here, the tragic consequences of Lowe's reckless actions were entirely foreseeable. In anger and frustration, Lowe emptied his revolver at several fleeing persons who presented no danger to him. Lowe's gunfire killed Clyde Thompson and jeopardized the lives of others in the parking lot and in the nearby Samovar Inn. A three-judge panel considering these facts could properly conclude that, in spite of Lowe's good record and

---

1. Since the court found the existence of two aggravating factors, Judge Johnstone was authorized to impose a term of imprisonment between five and twenty years and was also authorized to consider Lowe's excellent prospects for rehabilitation in setting Lowe's sentence within that range.

outstanding prospects for rehabilitation, the seriousness of this offense warranted the imposition of the five-year term.

The sentence is AFFIRMED.

BRYNER, C.J., not participating.