Kevin L. GARNER, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10231.

Court of Appeals of Alaska.

Nov. 25, 2011.

Order on Petition for Rehearing
Jan. 5, 2012.

---

8. 216 P.3d 1154 (Alaska 2009).

9. *Id.* at 1173.

10. *Id.*

11. *Id.*

Tracey Wollenberg, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Diane L. Wendlandt, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and John J. Burns, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

## OPINION

COATS, Chief Judge.

Kevin L. Garner was convicted of manslaughter, a class A felony, and faced a presumptive term of imprisonment of seven to eleven years.[1] Garner was also convicted of driving under the influence, a misdemeanor with a one-year maximum sentence.[2]

---

**1.** AS 11.41.120(b); AS 12.55.125(c)(2)(A).

**2.** AS 28.35.030(b); AS 12.55.135(a).

Superior Court Judge Randy M. Olsen found the non-statutory mitigating factor that Garner had exceptional rehabilitative prospects. He referred Garner's case to the three-judge sentencing panel.

A majority of the three-judge panel also concluded that Garner possessed extraordinary potential for rehabilitation. But the panel concluded that "even after considering the non-statutory mitigating factor ... we do not find the presumptive term to be manifestly unjust in this case." The panel remanded the case to Judge Olsen to impose a sentence within the presumptive range.

On remand, Judge Olsen imposed a seven-year term for the manslaughter conviction, which was at the bottom of the presumptive range available to him. He also imposed a consecutive sentence of twelve months with ten months suspended for the driving under the influence conviction.

We affirmed Garner's convictions in a prior decision.[3] We asked for further briefing on Garner's contention that the three-judge panel erred when it refused to impose sentence and remanded the case to Judge Olsen for sentencing.[4] Garner's contention is that once the three-judge panel found the non-statutory mitigator that he had exceptional prospects for rehabilitation, the question before the panel was not whether the presumptive term was manifestly unjust. The question before the panel was, rather, whether manifest injustice would result from failure to consider his exceptional prospects for rehabilitation in imposing sentence. Garner contends that the panel did not answer this question.

Both parties have submitted briefs of excellent quality which have been very helpful to this court.

## Discussion

Garner was convicted of manslaughter and faced a presumptive term of seven to eleven years. Garner did not prove any statutory factors in mitigation. Had Garner established a factor in mitigation, Judge Olsen would have had the authority to impose a sentence "below the presumptive range as long as the active term of imprisonment [was] not less than 50 percent of the low end of the presumptive range...."[5] In other words, had Garner established a statutory mitigating factor, Judge Olsen would have had the authority to reduce the presumptive range to a minimum of three and one-half years. But since Garner did not establish a statutory mitigating factor, Judge Olsen had no legal authority to impose a sentence of less than seven years of imprisonment.

Instead, Garner established the non-statutory mitigating factor that he had exceptional prospects for rehabilitation. Alaska Statute 12.55.165(a) directs a sentencing judge to refer a case to the three-judge panel for sentencing if the judge determines by clear and convincing evidence that manifest injustice would result from the failure to consider a non-statutory mitigating factor. In *Kirby v. State*,[6] we explained the duty of the sentencing court in these circumstances:

> [O]nce the court finds the mitigating factor of unusual prospects for rehabilitation in the case of a first [felony] offender, it should evaluate the factor's impact on an appropriate sentence in the same way it would evaluate a statutory mitigating factor that had been established by clear and convincing evidence. The court should consider it in light of the totality of the circumstances and in light of the *Chaney* sentencing criteria to determine whether the presumptive term should be adjusted. The court should deny referral to the three-judge panel only when it concludes that no adjustment to the presumptive term is appropriate in light of the factor.[7]

Alaska Statute 12.55.175 governs the three-judge sentencing panel's consideration of a case. Once an individual sentencing

---

**3.** *Garner v. State*, Memorandum Opinion & Judgment No. 5690 (Alaska App. Mar.30, 2011), 2011 WL 1229149, at *1.

**4.** *Id.* at *9.

**5.** AS 12.55.155(a)(2).

**6.** 748 P.2d 757 (Alaska App.1987).

**7.** *Id.* at 765; *see also Harapat v. State*, 174 P.3d 249, 254–55 (Alaska App.2007).

judge refers a case to the three-judge panel, the panel must independently decide whether to provide relief from the normal rules of presumptive sentencing.[8] It must do so in two discrete situations: where the panel determines by clear and convincing evidence *either* (1) that manifest injustice would result from the failure to consider a non-statutory aggravating or mitigating factor; *or* (2) that manifest injustice would result from imposition of a sentence within the presumptive range after adjustment for statutory aggravating and mitigating factors.[9]

In *Harapat v. State*, we explained that a different test applies in each situation.[10] When a defendant seeks referral to the three-judge panel on the theory that the lowest possible sentence permissible under the presumptive sentencing law is too severe, "[t]he question to be answered is whether this lowest allowed sentence would still be clearly mistaken under the [*Chaney* sentencing criteria and AS 12.55.005]."[11] We pointed out that a different test applies when a defendant seeks referral to the three-judge panel on the theory that it would be manifestly unjust to fail to consider a non-statutory mitigating factor:

> In contrast, when a defendant seeks referral to the three-judge panel on the theory that it would be manifestly unjust to fail to consider a non-statutory mitigating factor ... the sentencing judge must perform a different analysis. Here, the question is whether, because of the presence of this non-statutory mitigator, it would be manifestly unjust to fail to make some adjustment (albeit small) to the sentence allowed by the presumptive sentencing law.[12]

When sentencing is referred to the three-judge panel based on the single judge's finding of a non-statutory mitigating factor, the panel must independently decide whether the defendant has established by clear and convincing evidence that the non-statutory mitigating factor applies. If the panel agrees that the non-statutory mitigating factor applies and that "it would be manifestly unjust to fail to make some adjustment (albeit small) to the sentence allowed by the presumptive sentencing law," the three-judge panel must then assess the proper sentence, applying the *Chaney* sentencing criteria and taking the mitigating factor into consideration.[13]

If the sentence the three-judge panel would impose is outside the range of sentences the sentencing judge is authorized to impose, the panel must retain jurisdiction and impose a sentence under AS 12.55.175(c) or (e).

### The panel's sentencing discretion under AS 12.55.175(c) and (e)

As it was originally designed, the three-judge panel had wide sentencing discretion. This discretion has been limited to some degree by the legislature and by case law. For example, in cases where the panel concludes that a non-statutory mitigating factor should be considered when sentencing a defendant, AS 12.55.175(c) apparently gives the panel the discretion to impose "any definite term of imprisonment." But in *State v. Price*,[14] this court held that, despite the broad wording of AS 12.55.175(c), when the three-judge panel adjusts a defendant's sentence because of a non-statutory mitigating factor, the panel is limited to the same scope of adjustment that an individual sentencing judge could make for a statutory mitigating factor under AS 12.55.155(a).[15]

In other words, if the low end of the applicable presumptive sentencing range is more than four years, the three-judge panel can only adjust the defendant's sentence

---

8. *See* AS 12.55.175(b).

9. *Id.*

10. *Harapat,* 174 P.3d at 253–56.

11. *Id.* at 254.

12. *Id.; see also Bossie v. State,* 835 P.2d 1257, 1258–59 (Alaska App.1992) (upholding trial court's refusal to send to three-judge panel based on its finding that any sentence below the presumptive range would be clearly mistaken).

13. *Harapat,* 174 P.3d at 254 (citing *Kirby,* 748 P.2d at 765).

14. 740 P.2d 476 (Alaska App.1987).

15. *Id.* at 482.

down to fifty percent of the low end of the presumptive range.[16] In Garner's case, this means that, even if the three-judge panel agreed with Garner's sentencing judge that Garner had an extraordinary potential for rehabilitation, the panel could not reduce Garner's sentence below three and one-half years to serve based on this non-statutory mitigator—because the low end of the applicable presumptive range was seven years.

In *Price*, we also held that, despite this limitation on the three-judge panel's authority to reduce a sentence based on a non-statutory mitigator, the panel could lower the defendant's sentence even further if the panel separately concluded that even this reduced sentence would be manifestly unjust.[17] But in 1992, the legislature modified this aspect of *Price* by enacting AS 12.55.175(e).[18]

Alaska Statute 12.55.175(e) governs situations where the three-judge panel retains jurisdiction on the basis of the non-statutory mitigating factor that the defendant has extraordinary potential for rehabilitation. It declares that the panel "shall sentence the defendant within the presumptive range required under AS 12.55.125 or as permitted under AS 12.55.155."[19] Both Garner and the State agree, based on the legislative history of this provision, that the intent of this provision was (1) to re-affirm the three-judge panel's authority to reduce the defendant's sentence based on this non-statutory mitigator according to the rules codified in AS 12.55.155(a), but (2) to take away the additional authority recognized in *Price*—i.e., the authority to reduce the defendant's sentence even further if the panel concludes that a greater reduction is necessary to avoid manifest injustice. Instead, the statute grants the panel the authority to make the defendant eligible for discretionary parole during the second half of the reduced sentence if the defendant completes certain rehabilitation programs.[20]

We have independently examined the text and legislative history of this statute, and we conclude that it supports the parties' position. We therefore adopt this interpretation of the statute.

Garner's case is governed by AS 12.55.175(e) because his case was referred to the three-judge panel on the basis of the non-statutory mitigating factor that he has extraordinary potential for rehabilitation. This means that the three-judge panel had no authority to reduce Garner's sentence to less than three and one-half years to serve (fifty percent of the low end of the applicable presumptive range), even if the three-judge panel concluded that such a sentence would be manifestly too severe. However, the statute allowed the three-judge panel to make Garner eligible for discretionary parole during the second half of his sentence if he completed certain rehabilitation programs.

*We affirm the decision of the three-judge panel*

■ A majority of the three-judge panel concluded that Garner established the non-statutory mitigating factor that he had exceptional prospects for rehabilitation. But the panel concluded that, even after considering the non-statutory mitigating factor, the presumptive term was not manifestly unjust in this case. The panel's decision makes it clear that it considered Garner's exceptional prospects for rehabilitation and concluded that, even considering this non-statutory mitigating factor, it would not be manifestly unjust to fail to make some adjustment to the range of sentences allowed by the presumptive sentencing law. We thus conclude that the panel applied the correct test in declining to accept jurisdiction. We affirm the panel's decision.

*Conclusion*

The judgment of the three-judge panel is AFFIRMED.

MANNHEIMER, Judge, with whom BOLGER, Judge, joins, concurring.

---

16. AS 12.55.155(a)(2).

17. *Price*, 740 P.2d at 482.

18. 1992 Alaska Sess. Laws ch. 79, § 28 (codified as amended at AS 12.55.175(e)(1)-(3)).

19. AS 12.55.175(e)(1).

20. AS 12.55.175(e)(3).

Judge MANNHEIMER, joined by Judge BOLGER, concurring.

■ Under Alaska's presumptive sentencing laws, a sentencing judge must impose a sentence within the applicable presumptive sentencing range unless the judge is authorized to go outside the sentencing range pursuant to AS 12.55.155(a). This statute authorizes a judge to impose a sentence above the presumptive range if the judge finds one or more of the aggravating factors listed in AS 12.55.155(c), or to impose a sentence below the presumptive range if the judge finds one or more of the mitigating factors listed in AS 12.55.155(d).

■ There are times when a sentencing judge may conclude that the normal range of sentences should be adjusted because of an aggravating or mitigating factor that is *not* among those listed in AS 12.55.155. An individual sentencing judge has no authority to relax the rules of presumptive sentencing based on a factor that is not listed in AS 12.55.155(c)—(d).[1] Accordingly, in these circumstances—*i.e.*, when the judge finds that manifest injustice would result from failure to consider a relevant non-statutory aggravating or mitigating factor—AS 12.55.165(a) directs the sentencing judge to send the case to the statewide three-judge sentencing panel.

One of this Court's primary tasks in the current appeal is to identify the three-judge panel's duty in these cases. The pertinent statute, AS 12.55.175(b) describes the panel's duty in the following manner:

> If the panel finds that manifest injustice would result from failure to consider relevant aggravating or mitigating factors not specifically included in AS 12.55.155 . . ., [the panel] shall sentence the defendant in accordance with this section. If the panel does not find that manifest injustice would result, it shall remand the case to the sentencing court, with a written statement of its findings and conclusions, for sentencing under [the normal rules of presumptive sentencing].

Under this statute, the three-judge panel's duty in the case hinges on whether it would

be manifestly unjust to "[fail] to consider" relevant non-statutory aggravating or mitigating factors. There are conceivably two ways to interpret this statutory directive.

Because an individual sentencing judge is not authorized to exceed the normal limits of presumptive sentencing based on a non-statutory sentencing factor, one might interpret AS 12.55.175(b) as requiring the three-judge panel to retain the case, and to impose the defendant's sentence, whenever the panel concludes that it would be manifestly unjust to fail to take account of a non-statutory sentencing factor when formulating the defendant's sentence—even if the panel ultimately concludes that the defendant should receive a sentence within the range of sentences that was available to the individual sentencing judge.

But in *Smith v. State*, 711 P.2d 561 (Alaska App.1985), this Court gave a different interpretation to the statutory directive found in AS 12.55.175(b). This interpretation is hidden in footnote 8 of *Smith*, 711 P.2d at 572. Here is the text of that footnote:

> Individual sentencing judges will be completely precluded from considering relevant non-statutory aggravating or mitigating factors[,] and from making adjustments to a presumptive term in light of such factors[,] only in cases where no statutory factors can be proved. Thus, the need to refer a case to the three-judge panel to consider non-statutory aggravating or mitigating factors will ordinarily arise only in cases where no statutory aggravating or mitigating factors can be established. Conversely, where a statutory aggravating or mitigating factor is established, no need for referral to the three-judge panel will usually exist. This is because, upon proof of a statutory factor, the individual sentencing judge will be authorized to adjust the presumptive term. In making adjustments, the judge does not view the statutory factor in isolation, but is required to consider the totality of the circumstances in the case in light of the sentencing goals stated in *State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970). *See*

1. *See Woods v. State*, 667 P.2d 184, 187 (Alaska 1983).

*Juneby v. State*, 641 P.2d 823, 843 (Alaska App.1982), *modified on other grounds*, ... 665 P.2d 30 (Alaska App.1983). Thus, when a statutory aggravating or mitigating factor has been established, the individual sentencing judge, [when] applying the *Chaney* criteria to determine the amount by which the presumptive term should be adjusted, will be able to take into account the totality of the circumstances, including any non-statutory aggravating or mitigating factors.

This footnote makes for fairly dense reading, but I would paraphrase it in the following way:

■ (1) Even though individual sentencing judges are not allowed to *deviate* from the applicable presumptive range based on a non-statutory sentencing factor, individual sentencing judges retain the authority to *consider* non-statutory factors when they decide what sentence to impose *within the range allowed to them*—because, almost by definition, any non-statutory sentencing factor will be relevant to one or more of the *Chaney* sentencing criteria (*i.e.*, the sentencing goals that judges are required to consider when determining a defendant's sentence).

(2) Because individual sentencing judges are allowed to consider non-statutory sentencing factors when deciding what sentence to impose within the range of sentences allowed to them under the presumptive sentencing laws, AS 12.55.175(b) must be interpreted in light of this fact. Consequently, when AS 12.55.175(b) speaks of cases where manifest injustice would result from "failure to consider" a non-statutory sentencing factor, the statute is really referring only to those cases where manifest injustice would result from *failure to adjust the otherwise available sentencing range* because of a non-statutory sentencing factor.

■ (3) Thus, whenever the three-judge panel concludes that, even after taking the non-statutory sentencing factor into account, the defendant should still receive a sentence within the range of sentences that was already available to the individual sentencing judge, the panel's conclusion is equivalent to

a finding that it would *not be* manifestly unjust to "fail to consider" the non-statutory sentencing factor. The case is therefore governed by the final sentence of AS 12.55.175(b), which directs the three-judge panel to "remand the case to the sentencing court, with a written statement of its findings and conclusions, for sentencing under [the normal rules of presumptive sentencing]."

In Garner's case, the three-judge panel considered the non-statutory mitigating factor (Garner's extraordinary potential for rehabilitation), but the panel nevertheless concluded that it would *not be* manifestly unjust to sentence Garner to a term of imprisonment within the range of sentences already available to the individual sentencing judge. The panel therefore acted properly when they declined to sentence Garner and, instead, sent the case back to the individual sentencing judge.

### Order

In a petition for rehearing, Garner points out that in our decision in this case, we did not address an issue which he raised in his original briefing: whether the three-judge panel was clearly mistaken in refusing to accept jurisdiction and sentence Garner to less than the presumptive term based upon his extraordinary exceptional prospects for rehabilitation.[1] We grant the petition for rehearing.

A majority of the three-judge panel concluded that Garner had extraordinary prospects for rehabilitation. [Exc. 75; Tr. 174] The panel emphasized that Garner had shown that he was truly remorseful for his actions and that he fully cooperated with the police. [Tr. 174] In addition, Garner had acknowledged his problem with alcohol abuse and attempted to get whatever treatment was available for him. [ID.]

Nonetheless, the panel concluded that imposition of the presumptive term in this case would not be manifestly unjust. [ID. at 175] The panel noted that Garner had a very high blood alcohol level at the time of the incident and he apparently had a history of alcohol

1. *Garner v. State*, Opinion Number 2338, 2011 WL 5904470 (Alaska App. November 25, 2011).

abuse. He had a prior conviction for driving under the influence.

In particular, the panel emphasized the specific facts in this case. Garner ran over a helpless person. The panel concluded that a sober person in Garner's situation should have seen the victim, Catherine Ahsoak, lying in the center of the road. In addition, the panel pointed out that even if a sober person had seen Ahsoak, a sober person would have stopped to investigate. A sober person would have known that he ran over someone. The panel reasoned that, had Garner been sober, he could have helped Ahsoak, perhaps saving her life. The panel stated that, in spite Garner's exceptional prospects for rehabilitation, his background coupled with the facts of the homicide led it to conclude that the seven-year presumptive term was not manifestly unjust. [ID. at 175–76]

The findings of the three-judge panel are supported by the record and support the panel's decision that the seven-year presumptive term was not manifestly unjust. We accordingly conclude that the three-judge panel's decision was not clearly mistaken.[2]

**2.** *Lowe v. State,* 866 P.2d 1320, 1322 (Alaska App. 1994).