James **LUCKART**, Appellant,

v.

**STATE of Alaska, Appellee.**

No. A–10388.

Court of Appeals of Alaska.

Jan. 27, 2012.

---

Michael Schwaiger, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Diane L. Wendlandt, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and John J. Burns, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

### OPINION

BOLGER, Judge.

James Luckart was convicted of attempted first-degree sexual assault. Superior Court Judge Patricia A. Collins referred the case to the three-judge sentencing panel based on her findings suggesting that it would be manifestly unjust to impose a sentence within the presumptive range for this offense. The panel agreed that it would be manifestly unjust to sentence Luckart within the presumptive range, but the panel declined to sentence Luckart because the panel concluded that he did not have exceptional potential for rehabilitation. We conclude that the panel should have retained the case and imposed an appropriate sentence.

### Background

After a Halloween party, Luckart began to bind a female acquaintance with packing tape while she was sleeping in her bed, and then fled when she fought back. Luckart later admitted that he was trying to sexually assault her. He was convicted of one count of attempted first-degree sexual assault, one count of third-degree assault, and one count of fourth-degree assault.

At his original sentencing hearing, Luckart argued that his sentence should be mitigated under AS 12.55.155(d)(3) because he committed the offense "under some degree of ... compulsion." He presented testimony that he suffered from post-traumatic stress disorder and that his misconduct was the result of

a "repetition compulsion"—that is, a compulsion to reenact abuse he suffered when he was hog-tied with duct tape as a child. In the alternative, Luckart requested that the court refer his case to the three-judge sentencing panel.

Judge Collins rejected Luckart's proposed mitigating factor. The court concluded that an equally plausible reason for Luckart's use of the packing tape was to cover his victim's eyes and mouth so that she could not call out for help or see her attacker. The court also rejected Luckart's claim that his case should be referred to the three-judge panel because the court concluded he did not have extraordinary potential for rehabilitation.

But Judge Collins noted that Luckart faced a presumptive range of twenty-five to thirty-five years, and that he would not be eligible for parole until he served seventeen or eighteen years of his sentence. The court decided to refer the case to the three-judge panel because of Luckart's youth and lack of prior criminal record. The court noted that "injustice could result if [Luckart] could not even be eligible for parole until [he] had served . . . at least 18 years of the minimum sentence of 25."

In her written referral order, Judge Collins found that Luckart was only eighteen, had no prior adult criminal record, and had never spent more than one night in jail. The court also found that Luckart was cooperative with police, confessed, and at least initially seemed to show remorse. She concluded that "Luckart's youth, lack of adult criminal record, cooperation/immediate confession to the police, and apparent remorse are a cumulative non-statutory mitigating factor that warrants referral." The court explained that "[t]his is particularly so because of changes to the law that mandate that Mr. Luckart is not eligible for parole until serving at least two-thirds of the mandatory minimum sentence of 25 years—or until almost 17 years from now."

At the hearing before the three-judge panel, the State argued that Judge Collins did not specifically find that it would be manifestly unjust to impose a sentence within the applicable presumptive range, and it asked the panel to return Luckart's case to Judge

Collins so she could clarify her findings. The panel disagreed that the court's findings required clarification. Although Judge Collins made no explicit finding on this issue, the panel concluded that it was apparent "[from] reading the [judge's] findings and the comments on the record as a whole" that Judge Collins had indeed found that it would be manifestly unjust to sentence Luckart within the presumptive range.

The panel agreed with Judge Collins that it would be manifestly unjust to sentence Luckart within the presumptive range and to limit his parole eligibility as required by the presumptive sentencing laws. The panel relied on the same four considerations that had formed the basis for Judge Collins's referral: Luckart's youth, his remorse, his lack of criminal history, and the fact that he had turned himself in and confessed.

However, the panel also interpreted AS 12.55.175(e) to mean that, even though the panel finds that manifest injustice would result from application of the presumptive range, the panel must also find that the defendant has an exceptional potential for rehabilitation before it can adjust a defendant's sentence. Because the panel could not find exceptional potential for rehabilitation, the panel remanded the case to Judge Collins.

On remand, Judge Collins sentenced Luckart to thirty years with five years suspended for the attempted first-degree sexual assault conviction. The court merged the assault convictions with the attempted sexual assault conviction for purposes of sentencing. Luckart now appeals.

### Discussion

#### Alaska Statute 12.55.175(e) does not apply to Luckart.

Even though the three-judge panel agreed with Judge Collins that it would be manifestly unjust to sentence Luckart within the applicable presumptive range, the panel concluded that the provisions of AS 12.55.175(e) barred it from imposing a lesser sentence. This statute provides:

If the three-judge panel determines . . . that manifest injustice would result from

imposition of a sentence within the presumptive range and the panel also finds that the defendant has an exceptional potential for rehabilitation and that a sentence of less than the presumptive range should be imposed because of the defendant's exceptional potential for rehabilitation, the panel ... shall sentence the defendant within the presumptive range required under AS 12.55.125 or [within the expanded range] permitted under AS 12.55.155 ... [but] may provide that the defendant is eligible for discretionary parole ... during the second half of the sentence ... if the defendant successfully completes all rehabilitation programs ordered....

The three-judge panel interpreted this statute to mean that the panel could retain Luckart's case, and could impose sentence on Luckart, only if the panel concluded both that any sentence within the presumptive range would be manifestly unjust and that Luckart had exceptional potential for rehabilitation. This is a misreading of the statute.

As this court recently held in *Garner v. State,* the legislature intended for AS 12.55.175(e) to apply to cases that are referred to the three-judge sentencing panel solely on the ground that the defendant has exceptional potential for rehabilitation that would make it manifestly unjust to sentence the defendant within the applicable presumptive sentencing range.[1] As we explained in *Garner,* even though the wording of AS 12.55.175(e) might have been clearer, the legislative history of the statute shows that the purpose of this statute was to restrict the sentencing authority granted to the three-judge panel under this court's decision in *State v. Price.*[2]

The *Price* decision dealt with cases that are referred to the three-judge panel on the basis of a non-statutory mitigating factor (such as exceptional potential for rehabilitation).[3] This court issued two major rulings in *Price,* and AS 12.55.175(e) was intended to overturn the second of these rulings.

Our first ruling in *Price* was that a defendant's sentence should not be adjusted to any greater degree for a non-statutory mitigating factor than it could have been adjusted under AS 12.55.155(a) for a statutory mitigating factor.[4] If, under AS 12.55.155(a)(2), the defendant's presumptive sentence could be reduced by only fifty percent for a statutory mitigator, then the three-judge panel was bound by this same limitation when adjusting the defendant's sentence for a non-statutory mitigator.[5]

Our second ruling in *Price* was that the three-judge panel had the authority to exceed this normal limitation if the panel additionally found that, even after making this fifty-percent adjustment to the applicable presumptive sentencing range, the resulting lesser sentence was still manifestly unjust.[6] In *Garner,* we held that AS 12.55.175(e) was meant to rescind this second holding in *Price.*[7]

As we explained in *Garner,* AS 12.55.175(e) was intended to establish this fifty-percent reduction of the presumptive sentence as the limit of the three-judge panel's sentencing authority in cases that are referred to the panel on the basis of the non-statutory mitigator of exceptional potential for rehabilitation.[8] Under this statute, the panel has no authority to reduce the defendant's term of imprisonment any further on this basis— although the panel may grant the defendant expanded parole eligibility.[9]

The three-judge panel, acting without the benefit of *Garner,* interpreted AS 12.55.175(e) as applying to all instances in which a case is referred to the panel based on the conclusion that a sentence within the

1. 266 P.3d 1045, 1048–50 (Alaska App.2011).

2. *Id.* at 1048 (discussing *State v. Price,* 740 P.2d 476 (Alaska App.1987)).

3. *See* 740 P.2d at 481.

4. *See id.* at 482.

5. *Id.*

6. *Id.*

7. *Garner,* 266 P.3d at 1048–49.

8. *Id.* at 48.

9. *Id.*

applicable presumptive range would be manifestly unjust. Further, the panel interpreted the statute to mean that, even when any sentence within the presumptive range would be manifestly unjust, the panel is forbidden from keeping the case unless the panel additionally finds that the defendant has an exceptional potential for rehabilitation.

■ Our decision in *Garner* clarifies that this was a misreading of the statute. Alaska Statute 12.55.175(e) applies only to cases that are referred to the panel on the basis of the non-statutory mitigator of exceptional potential for rehabilitation. The statute does not apply to cases that are referred to the panel based on other non-statutory mitigators; nor does it apply to cases that are referred to the panel based on a finding that any sentence within the applicable presumptive range (even after adjustment for statutory aggravators and mitigators) would be manifestly unjust.

■ Luckart's case was referred to the panel on this latter basis: on the theory that, given the facts of Luckart's case, any sentence within the applicable presumptive range would be manifestly unjust. Accordingly, AS 12.55.175(e) does not apply to Luckart's case.

Because AS 12.55.175(e) does not apply to Luckart's case, and because (as we explain in the next section of this opinion) the three-judge panel agreed with Judge Collins that any sentence within the applicable presumptive range would be manifestly unjust, the panel should have kept Luckart's case and should have sentenced Luckart to a term of imprisonment below the presumptive range.

### *The panel's decision was consistent with the referral from Judge Collins.*

The parties agree that the three-judge panel erred when it relied on AS 12.55.175(e) to remand the case to the sentencing court. Luckart contends that we should therefore remand this case to the three-judge panel for sentencing. But the State argues that we should send the case back to the sentencing court because the order referring the case to the three-judge panel was ambiguous.

■ The interpretation of an ambiguous court order is a legal issue that we review independently.[10] We must examine all parts of the order and construe them as a whole.[11] We must interpret the order in a way that is reasonable, effective, and consistent with the facts and law of the case.[12]

■ In her oral remarks at the sentencing hearing, Judge Collins stated that Luckart's youth and lack of criminal record warranted review of his sentence by the three-judge panel. She also stated that injustice could result because Luckart would not be eligible for parole until he had served about eighteen years of the minimum twenty-five year presumptive sentence. Then, in her written order, the judge stated that Luckart's youth, lack of adult criminal record, cooperation with the police, and apparent remorse constituted a cumulative non-statutory mitigating factor that warranted referral to the panel. The judge stated that this was especially so because of sentencing statutes that would require Luckart to serve at least two-thirds of the minimum presumptive sentence before he would be eligible for discretionary parole. This record supports the sentencing panel's conclusion that Judge Collins found that manifest injustice would result from imposition of a sentence within the presumptive range. We therefore reject the State's claim that this case should be remanded to the sentencing court for clarification of Judge Collins's order.

The State further argues that Judge Collins's aggregation of a series of case-specific considerations into one "cumulative" mitigator is inconsistent with the policy of AS 12.55.165–175, which envisions identification of a single non-statutory mitigating factor. But even assuming this argument has merit, the entirety of the judge's remarks at both the sentencing hearing and in her written order indicate that she referred this case to the three-judge panel primarily based on her

---

**10.** *Cf. Pennington v. Emp'r Liab. Assurance Corp.*, 520 P.2d 96, 97 (Alaska 1974) (reviewing an ambiguous judgment).

**11.** *Id.*

**12.** *Id.*

conclusion that it would be unfair to apply the presumptive range to Luckart.

This conclusion is potentially critical to our decision. The commentary to AS 12.55.175 strongly suggests that the jurisdiction of the three-judge panel is limited by the scope of the referral from the sentencing court.[13] The commentary states: "If the three-judge panel *agrees* with the sentencing court and finds that manifest injustice would result from imposition of the presumptive term, it may sentence the defendant to any term of imprisonment.... If the three-judge panel *does not agree* with the sentencing court's finding, it is required to remand the case to the sentencing court...."[14]

■ Even assuming that the three-judge panel's authority is limited in this fashion, there is no serious question in this case that the three-judge panel agreed with the referral from the sentencing court. When the panel made its finding of manifest injustice, it relied on the same four considerations that the sentencing court relied on. We thus conclude that the panel's conclusion was consistent with the referral by Judge Collins. Once it reached this conclusion, the panel was required to impose an appropriate sentence. We must remand this case to the panel to correct this error.

Luckart also argues that the three-judge panel was required to consider Judge Collins's order only as a referral based on a non-statutory mitigating factor. But when we read Judge Collins's remarks as a whole, we conclude that her referral is inconsistent with this approach. The panel correctly concluded that Judge Collins referred this case based on a general finding of manifest injustice. This conclusion now requires the panel to impose a sentence that is less than the lower end of the presumptive range.

*Luckart's arguments about the presumptive range are not ripe for review.*

■ Luckart also argues that the presumptive range for his circumstances contains an anomaly that should be corrected by statutory construction. He points out that the presumptive range for an attempted first-degree sexual assault where the defendant used a dangerous instrument is twenty-five to thirty-five years' imprisonment,[15] exactly the same range that applies to a completed first-degree sexual assault where the defendant used a dangerous instrument.[16] He argues that the presumptive range for most other attempted sexual offenses has a lower end that is five years less than the completed offense.[17] He also argues that the presumptive range for attempted sexual assault should not require a greater sentence than the minimum sentence for second-degree murder or attempted first-degree murder.

In response, the State points to a letter of intent adopted by the legislature that specifically states that the legislature carefully considered each of the presumptive sentencing ranges and that the ranges are not anomalous.[18] The State also argues that offenses involving a dangerous instrument can be especially serious and that the legislature could reasonably conclude that this consideration overrides the fact that the offense was not completed.

One remedy for the type of injustice that Luckart alleges is a referral to the three-judge panel.[19] And we have already decided that this case must be remanded to the three-judge panel for resentencing. On remand, the panel is not restricted by the lower end of the presumptive range (the part

---

**13.** See *Heathcock v. State,* 670 P.2d 1155, 1157 (Alaska App.1983).

**14.** Commentary on the Alaska Revised Criminal Code, Senate Journal Supp. No. 47, at 162–63, 1978 Senate Journal 1399 (emphasis added).

**15.** AS 12.55.125(i)(2)(B).

**16.** AS 12.55.125(i)(1)(B).

**17.** For example, compare AS 12.55.125(i)(1)(A)(ii) (providing a presumptive term of 20 to 30 years for a first felony conviction of first-degree sexual assault), with AS 12.55.125(i)(2)(a)(ii) (providing a presumptive term of 15 to 30 years for attempted first-degree sexual assault).

**18.** See 2006 Senate Journal 2209.

**19.** See *New v. State,* 714 P.2d 378, 382 (Alaska App.1986).

of the statute Luckart objects to) because the panel has already concluded that a sentence within that range would be manifestly unjust. Luckart's argument about the presumptive range will likely be moot when the panel imposes an appropriate sentence below the presumptive range. We thus conclude that Luckart's arguments on this issue are not ripe for review.

### Conclusion

We VACATE the sentence imposed by the superior court and REMAND to the three-judge panel to impose sentence. We do not retain jurisdiction of this case.

COATS, Chief Judge, concurring.

I agree that Judge Collins made sufficient findings to refer Luckart's case to the three-judge panel. Judge Collins found a non-statutory mitigating factor based upon Luckart's youth, his lack of adult criminal record, his cooperation with and immediate confession to the police, and his apparent remorse. She also found, based upon these same factors, that it would be manifestly unjust to sentence Luckart within the presumptive range for his offense: a minimum sentence of twenty-five years, with no eligibility for parole until he had served nearly seventeen years.

The three-judge panel agreed with Judge Collins that, based upon these factors, a sentence within the applicable presumptive range would be manifestly unjust. I agree with the opinion of this court that, under these circumstances, the three-judge panel was required to keep Luckart's case and to sentence him to a term of imprisonment below the presumptive range.

I write separately to point out an argument Luckart made on appeal that has some force and that I hope the three-judge panel will consider in imposing sentence. Luckart reviewed the legislative history of the 2006 revisions to the presumptive sentencing ranges and observed that the steep increase in the ranges for sexual offenses was based on the legislature's findings that sex offenders do not respond to rehabilitative treatment and usually are not caught until they have committed many sex crimes. Luckart argues that it would be manifestly unjust to sentence him based upon these legislative assumptions, because they do not apply to him.

When the legislature enacted these sentencing ranges, it issued a letter of intent entitled "The Purposes And Rationale Underlying The Increase In Sentencing Ranges For Felony Sex Crimes In Alaska." [1] That letter sets out the legislative finding that Alaska has an extremely high level of sexual offenses.[2] The letter states that these offenses cause substantial harm to the victim, the victim's family, and society.[3] In addition, the letter finds "that sex offenders have multiple victims and often do not respond to treatment...." [4] The legislature concludes that these factors support the need to isolate sex offenders to protect the public and to deter potential offenders, to the extent they can be deterred, from committing these offenses.[5]

In setting these higher sentencing ranges for sex offenses, the legislature specifically recognized that there would be exceptional cases that "[cry] out for mercy." [6] The letter of intent points out that "[t]he criminal justice system often weeds these cases out in the referral and plea bargaining process." [7] The letter also notes that "the courts of Alaska will be able to avoid manifestly unjust sentences in appropriate cases" by applying statutory mitigating factors or referring cases to the three-judge panel.[8]

From my review of the legislative history, I conclude that the legislature increased the presumptive sentencing ranges for sexual

1. 2006 Senate Journal 2207–14.

2. *Id.* at 2208.

3. *Id.* at 2210–11.

4. *Id.* at 2210.

5. *Id.* at 2210–11.

6. *Id.* at 2212.

7. *Id.*

8. *Id.*

abuse of a minor and sexual assault in part to address the seriousness of these offenses and their negative impacts on victims and society. These factors are present in every sentencing case, and courts should consider them in imposing sentence.

But the presumptive ranges were also based on the legislature's conclusions that sexual offenders usually commit multiple offenses before they are caught, do not respond to rehabilitative treatment, and therefore cannot be safely released into society. It seems to me that a defendant convicted of a sex offense should have the opportunity at sentencing to rebut the assumptions underlying these conclusions, and to argue for a departure from the presumptive range on this basis. Indeed, in its letter of intent, the legislature specifically recognized that there would be cases in which sentencing a defendant within the presumptive range would be manifestly unjust. The legislature also specifically noted that it was counting on the court system to provide a safety valve in such cases.

Under this court's decision, Luckart's case now returns to the three-judge panel. I would urge the panel to consider the legislative history behind the presumptive range applicable to Luckart's case. Luckart is a young first felony offender with no prior adult record. To the extent that Luckart can demonstrate to the panel that the legislative assumptions underlying the presumptive sentencing range for his offense do not apply to him, the panel would be justified in considering that evidence in determining an appropriate sentence.