Judge MANNHEIMER,
concurring.
There are significant problems - with Hicks's conviction in this case, but those problems are not raised in Hicks's appeal.
As explained in Judge Allard's lead opinion, Hicks raises one argument on appeal: the argument that, absent an explicit grant of authority by the legislature, .a court has no authority to prohibit a defendant from contacting the victim of the alleged offense while the defendant is in jail awaiting trial,. I join Judge Allard in rejecting. that argument-but I nevertheless have reservations about the validity of Hicks's conviction.
The fact that Hicks's arraigning judge had the authority to prohibit him from contacting the alleged victim while he was in jail does not answer the question of whether Hicks's judge actually issued such an order. I have listened to the audio recording of Hicks's arraignment. The arraigning judge told Hicks that one of his conditions of release (if he posted bail) was to refrain from contacting the alleged victim. But it appears that the judge never said that this prohibition took effect immediately-that it was not simply a condition. of Hicks's release, but that it also governed Hicks's conduct while he was in jail.
Even. assuming that it was the judge's intention to have this prohibition take effect immediately, it is doubtful that the judge's words gave Hicks reasonable notice that the prohibition took effect immediately.
This brings me to a second problem in Hick's case: the prosecutor's summation to the jury at the conclusion of Hicks's trial, In his summation, the prosecutor expressly argued to the jury that even if the arraigning judge never directly told Hicks that the prohibition on contacting the victim took effect immediately, and even if Hicks did not understand that the prohibition took effect immediately, Hicks could nevertheless properly be convicted if Hicks should have known that the judge would have wanted the prohibition to take effect immediately, regardless of what the order actually said.
« Prosecutor: [Elven if you think it's possible that somehow, in his heart of hearts, ... the defendant actually thought [that the prohibition only applied if he was released on baill, that's not enough [for him to escape conviction]. He's still guilty. Because I don't have to prove that he actually knew [this].... What I have to prove is that his behavior grossly deviated from *981 what a reasonable person would do in the cireumstances.... An ordinarily prudent person, a person who uses common sense.
And would a person who uses common sense hear [what the arraigning judge said] and come to the conclusion [that], as long as I'm in jail, those phone calls [to the victim] are okay? Of course they wouldn't.
The prosecutor returned to this same theme in the rebuttal portion of his summation: .
. 2, Prosecutor:. Let's listen one more time to what the defendant heard [at his arraignment,] and what the judge ordered.
[A 49-second audio excerpt is played for the jury]
Prosecutor; "Dowt have any contact with her." Not "Don't have any contact with her once you get released." And that's just common sense, right? [Because] jail is more restrictive than not being in jail. [When] you get out of jail, you expect to have fewer restrictions on what you can do, who you can associate with, who you can call, rather than more [restrictions]. You heard from Mr. Sherry [of the district attorney's office}; he's never encountered a single case where a judge [expressly] allowed someone to have contact in jail, but not while they're out on bail. It just doesn't make sense. So ... it's really the only natural way to understand [the arraigning judge's order].
[But] frankly, what [Mr. Hicks] personally, individually, subjectively thought ... is legally not very important. What matters is what a reasonable person would have done, how a reasonable person would have understood that order. It's common sense, A reasonable person hears, "Don't have contact with her," A reasonable person would know, "I'm not allowed to have contact with her." Contacting her is a gross deviation-and that's the legal standard, that's the language you're going to hear-a gross deviation from how a reasonable person would act, And it's that simple.
In other words, the prosecutor seemingly argued that Hicks should be convicted because it was reasonable to think that Hicks's judge wanted the prohibition to cover Hicks's actions while he was in jail-regardless of how Hicks actually understood the judge's order, and regardless of what the order actually provided.[1]
Obviously, since Hicks did not raise these issues on appeal, the State has never had the opportunity to respond to them. It would be improper to reverse Hicks's conviction simply because the record raises these questions. But I would be remiss if I failed to point out these significant problems in the proceedings that led to Hicks's conviction.

. The proper interpretation of a court order or judgement is a question of law. John v. Baker, 125 P.3d 323, 326 n. 7 (Alaska 2005); Bennett v. Bennett, 6 P.3d 724, 726 (Alaska 2000); Luckart v. State, 270 P.3d 816, 820 (Alaska App. 2012).