**STATE of Alaska, Appellant,**

v.

**Michael W. McKINNEY, Appellee.**

**No. A–6522.**

Court of Appeals of Alaska.

Oct. 31, 1997.

Douglas H. Kossler, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellant.

Dick L. Madson, Law Offices of Dick L. Madson, Fairbanks, for Appellee.

Before COATS, C.J., and MANNHEIMER and STEWART, JJ.

*OPINION*

STEWART, Judge.

Michael W. McKinney pled no contest to a single count of sexual abuse of a minor in the first degree, AS 11.41.434, that charged him with engaging in fellatio with his daughter, S.M. The other counts in his indictment were dismissed upon that plea. He entered his plea before Superior Court Judge Mary E. Greene.

McKinney's daughter was twelve years old during his sexual contacts with her. McKinney started his sexual contacts with S.M. by fondling her breasts outside her clothing. Over time, he progressed to touching her vagina outside her clothing, and then inside her clothing. The sexual abuse escalated to digital penetration of S.M.'s vagina. Ultimately, McKinney engaged in oral sex with her, first cunnilingus, and then, fellatio. According to S.M., he attempted sexual intercourse at least once. The abuse lasted for seven months.

Despite McKinney's repeated promises to S.M. that he would cease the abuse, he did not stop until he was confronted by his wife. McKinney's wife was alerted to the abuse by S.M.'s brother, who suspected that something did not "seem right" between McKinney and S.M.

McKinney admitted the abuse when confronted. The family made a collective decision to seek counseling and report the abuse to law enforcement. McKinney made a full confession to state troopers. Prior to his sentencing, McKinney began sex-offender counseling. McKinney had no criminal history.

In spite of the seriousness of the conduct, the family, including S.M., desired reunification. The counseling coordinator for the family considered reunification to be a workable option. The coordinator urged the court to promote reunification and minimize the delay prior to reunification.

Judge Greene concluded that the presumptive eight-year sentence was not manifestly unjust considering the aggravating factors that she found,[1] the duration of the abuse, and the frequency of the abuse. However, she concluded that manifest injustice would result from her inability to consider a non-statutory mitigating factor—exemplary post-disclosure conduct. Judge Greene stressed the beneficial results of that conduct. In the context of intra-family abuse, Judge Greene concluded that conduct like McKinney's would foster a victim's recovery.

> [I]n the instance before the court, the offender's post-crime conduct legitimately sets him apart from other offenders who commit the same offense. Society should value actions which help a victim of intra-family abuse to recover from the devastation of sexual abuse. There are things which will help a victim's recovery: an offender publicly and privately accepting responsibility for the conduct; an offender assuming blame and communicating the blamelessness of the victim; and support from the non-offending parent (which is more forthcoming when the offending parent accepts responsibility and does not minimize his or her conduct or blame the victim). Yet the current sentencing scheme precludes the court's consideration of these factors. It treats an offender who engages in further post-disclosure conduct which hurts a victim in the same way that it treats an offender who behaves responsibly post-disclosure to help a victim's recovery. The court concludes this is manifestly unjust.

Order of Referral to Three Judge Sentencing Panel, pp. 4–5.

The three-judge panel agreed with Judge Greene that McKinney's post-offense conduct constituted a non-statutory mitigating factor that should be considered when sentencing McKinney. The panel concluded that it would be manifestly unjust not to consider this factor. *See* AS 12.55.175(b). After considering the relevant sentencing criteria, *see* AS 12.55.005, the panel sentenced McKinney to a non-presumptive eight-year term. However, the panel decided to restrict McKinney's eligibility for parole until he completed a sex-offender treatment program approved by the Department of Corrections.

---

1. AS 12.55.155(c)(18)(A),(B).

The State appeals McKinney's sentence, arguing that the three-judge panel erred when it treated McKinney's post-offense conduct as a mitigating factor. Essentially, the State's argument is that AS 12.55.165(b) precluded the three-judge panel from recognizing McKinney's post-offense conduct as a mitigator.

The State argues that, to the extent that McKinney's post-offense conduct could validly be viewed as mitigating his offense, this mitigating factor is completely incorporated within the already-recognized mitigating factor of exceptional potential for rehabilitation. *See generally Smith v. State*, 711 P.2d 561 (Alaska App.1985). The State then notes that, under AS 12.55.165(b), a sentencing judge is precluded from referring a case to the three-judge sentencing panel based on the defendant's potential for rehabilitation if the sentencing judge finds that the state has proved one or more of the aggravating factors listed in that statute. The listed aggravators include AS 12.55.155(c)(18)(B)—that the defendant stands convicted of sexual assault, or sexual abuse or unlawful exploitation of a minor, and that the defendant has engaged in sexual offenses with the same or another victim; in McKinney's case, Judge Greene found this aggravator. Thus, the State concludes, Judge Greene was prohibited from referring McKinney's case to the three-judge panel based on his favorable post-offense conduct.

We disagree with the State's contention that McKinney's post-offense conduct is simply a facet of his potential for rehabilitation. In explanation of her decision to refer McKinney's case to the three-judge panel, Judge Greene noted McKinney's forthright admission of culpability for the sexual abuse, his assurances to his daughter that she was blameless, his willingness to engage in sex-offender therapy, and his willingness to obtain (and participate in) therapy for his daughter. While these facts may reflect favorably on McKinney's potential for rehabilitation, the focus of Judge Greene's decision was that McKinney's post-offense conduct had significant potential to ameliorate the impact of the sexual abuse on S.M. and to enhance her prospects for emotional recovery—considerations that are separate and logically distinct from McKinney's potential for rehabilitation.

We therefore uphold the three-judge panel's decision to mitigate McKinney's presumptive term based on this non-statutory factor. The sentence is AFFIRMED.