NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections @ akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | | |
|---|---|---|
| TEX D. DANIELS II, | ) | |
| | ) | Court of Appeals No. A-11424 |
| Appellant, | ) | Trial Court No. 3AN-12-771 CR |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| STATE OF ALASKA, | ) | |
| | ) | |
| Appellee. | ) | No. 2438 — December 12, 2014 |
| | ) | |

Appeal from the Superior Court, Third Judicial District, Anchorage, Philip R. Volland, Judge.

Appearances: Kelly R. Taylor, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Ann B. Black, Assistant Attorney General, Office of Special Prosecutions and Appeals, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Hanley, District Court Judge.[*]

Judge ALLARD.

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

Tex D. Daniels II pleaded guilty to one consolidated count of first-degree assault[1] and one count of operating a vehicle under the influence of alcohol[2] for striking two pedestrians while driving under the influence. At sentencing, Daniels asked the court to refer his case to the statewide three-judge sentencing panel because of his extraordinary potential for rehabilitation and his exemplary post-offense conduct. He also argued that referral to the three-judge panel was warranted because a sentence within the presumptive range would be manifestly unjust in his case.

The superior court declined to refer Daniels's case to the three-judge panel, and Daniels now appeals that decision. We affirm the superior court's judgment in most respects. However, we conclude that additional clarification is needed regarding the judge's ruling that referral to the three-judge panel was not warranted based on the non-statutory mitigating factor of extraordinary potential for rehabilitation. We therefore remand the case for clarification of this issue.

*Facts and proceedings*

In the early morning hours of New Year's Day, 2012, twenty-one-year-old Tex Daniels lost control of his truck while speeding in a residential area of Anchorage. He struck two pedestrians who were walking on the sidewalk. He then attempted to flee the scene but hit a retaining wall and damaged his truck too much to continue driving. Witnesses held Daniels at the scene until the police arrived and arrested him. A blood

---

[1] AS 11.41.200(a)(3).

[2] AS 28.35.030(a)(2).

test administered shortly after the collision showed a blood alcohol content of .226 percent, almost three times the legal limit.[3]

The pedestrians Daniels hit were a young couple, Clayton Wilbanks and Ashley Brotherton, who had recently moved to Alaska. Wilbanks suffered a lacerated spleen and a mild traumatic brain injury, but he made a full physical recovery. Brotherton was much more seriously injured — she suffered a fractured skull, neck, and hip, as well as a traumatic brain injury that required a month of hospitalization. At the time of sentencing, she continued to suffer severe nerve pain and fatigue that limited her ability to work.

Daniels was charged with two counts of first-degree assault, driving under the influence, and failure to render assistance at the scene of an accident. These charges were resolved in a plea agreement in which Daniels pleaded guilty to driving under the influence and one consolidated count of first-degree assault for knowingly engaging in conduct that resulted in serious physical injury under circumstances manifesting extreme indifference to the value of human life.[4] Daniels's sentencing was left open.

As a first felony offender, Daniels faced a presumptive range of 7 to 11 years for the first-degree assault conviction. Daniels asked the court to refer his case to the statewide three-judge sentencing panel based on the non-statutory mitigating factors of extraordinary potential for rehabilitation and exemplary post-offense conduct. He also argued that referral to the three-judge panel was warranted because a sentence within the presumptive range would be manifestly unjust in his case.

---

[3]  *Id.*

[4]  AS 11.41.200(a)(3).

At the sentencing hearing, the State introduced evidence that Daniels had two prior convictions for minor consuming alcohol, one of which stemmed from an incident in which he was pulled over for speeding. The sentencing court also heard evidence that Daniels had an excellent work ethic, was genuinely remorseful, and had tried to make amends to Wilbanks and Brotherton.

Both victims testified at the sentencing hearing. Brotherton's testimony focused on the serious impact her injuries continued to have on her life. Wilbanks testified that Daniels had reached out to him and had promised to fight to redeem himself. Wilbanks recognized that Daniels faced a mandatory jail term but said he did not believe Daniels should "rot in jail," both because Daniels had not committed the offense with malicious intent and because Daniels had since changed his life.

Daniels also testified at the sentencing hearing. He apologized to Wilbanks, Brotherton, and the police, and he offered to make any possible amends to the victims. He said he had learned a lot about his alcohol problem through a treatment program and that he would never again cause a tragedy like this because he would never drink again.

Superior Court Judge Philip R. Volland began his sentencing remarks by noting that this was a "heartbreaking" case involving young victims whose lives had been irreparably damaged and a young offender whose sentence, even the one requested by his own attorney, would be "harsh and life-altering." The judge ultimately concluded, however, that referral to the three-judge sentencing panel for consideration of a sentence below the presumptive range of 7 to 11 years was not warranted on any of the grounds advanced by Daniels.[5] The judge then sentenced Daniels to a term at the low end of the

---

[5] *See* AS 12.55.125(c)(2)(A) (providing that the presumptive term for a first felony offender convicted of a class A felony that resulted in serious physical injury or death is 7 to 11 years).

presumptive range: 8 years with 1 year suspended (7 years to serve) for the consolidated assault, and 72 hours, consecutive, for driving under the influence, the mandatory minimum sentence for that offense.[6]

Daniels appeals the decision to not refer his case to the three-judge panel.

*Why we affirm the judge's decision not to refer Daniels's case based on manifest injustice*

A sentencing court must refer a case to the three-judge sentencing panel in two circumstances:  (1) if the judge concludes that a sentence within the presumptive range would be manifestly unjust under the *Chaney* sentencing criteria;[7] and (2) if the defendant proves a non-statutory mitigating factor and the judge concludes that it would be manifestly unjust to fail to consider that non-statutory factor in imposing the defendant's sentence.[8]

In addressing the first test — whether a sentence within the presumptive range would be manifestly unjust — Daniels's sentencing judge first considered the circumstances that placed Daniels's case among the more serious cases involving intoxicated drivers who caused serious physical injury.  The judge found that Daniels's level of intoxication was extremely high; that he was speeding in a residential area; that he attempted to leave the scene instead of rendering aid; that the accident occurred on New Year's Day when there was a high degree of public awareness about the dangers

---

[6]    AS 28.35.030(b)(1)(A).

[7]    *See Lloyd v. State*, 672 P.2d 152, 154-55 & n.3 (Alaska App. 1983) (citing *State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970)).

[8]    *See Garner v. State*, 266 P.3d 1045, 1048 (Alaska App. 2011); *Kirby v. State*, 748 P.2d 757, 765 (Alaska App. 1987).

of drinking and driving; that, in his plea, Daniels admitted to a higher level of culpability — extreme indifference to the value of human life — than was required to convict him;[9] and that Daniels caused serious injuries to two people, one of whom easily could have died.

The judge also considered the factors favorable to Daniels: he was a young offender; this was his first felony offense; he had a good employment history and strong family support; he had engaged in alcohol treatment after the offense; and "to his credit has expressed as much remorse over the incident as I've seen a defendant express in the time that I've been on the bench, at least ... for this kind of incident."

In addressing the *Chaney* criteria, the judge emphasized community condemnation and reaffirmation of social norms, finding that these factors "edg[ed] out rehabilitation as a priority in sentencing." Along these same lines, the judge placed more weight on general deterrence than specific deterrence, concluding that Daniels was "unlikely to commit this kind of misjudgment again, ever."

The judge also observed that the presumptive range Daniels faced for the consolidated first-degree assault offense was identical to the presumptive range for a driving under the influence offense that results in death,[10] and the court noted that it was only the "breath of providence" — *i.e.*, Brotherton's survival despite very serious injuries — that had prevented Daniels's crime from becoming a homicide.

---

[9]    *See* AS 11.41.200(a)(1) (defining the mental state required to convict a defendant of first-degree assault as recklessly causing serious physical injury to another by means of a dangerous instrument — in this case, a truck).

[10]    *See* AS 11.41.120(b) (manslaughter is a class A felony); AS 12.55.125(c)(2)(A) (presumptive range of 7 to 11 years applies to a class A felony that causes serious physical injury or death).

In light of all these considerations, the judge ultimately concluded that a sentence within the presumptive range would not be manifestly unjust.

On appeal, Daniels argues that the sentencing court's legal analysis on the manifest injustice prong was wrong and that its decision was clearly mistaken. He asserts that the judge placed too much emphasis on the legislatively determined penalties for first-degree assault and manslaughter, and too little emphasis on the individualized circumstances of this case. We disagree. The judge made detailed findings regarding the circumstances that weighed in favor of a mitigated sentence and the contrary factors that weighed in favor of a more severe sentence. Although the judge's analysis of this issue could have been more clear, we conclude that the analysis was sound overall and that the judge's decision was not clearly mistaken.

*Why we affirm the superior court's ruling on the non-statutory mitigating factor of exemplary post-offense conduct and remand for clarification of the court's ruling on the non-statutory mitigating factor of extraordinary potential for rehabilitation*

Daniels also asked the court to refer his case to the three-judge panel based on two non-statutory mitigating factors: his exemplary post-offense conduct[11] and his extraordinary potential for rehabilitation.[12] In assessing these claims, the judge was required to determine (1) whether Daniels had established either of these non-statutory mitigating factors by clear and convincing evidence; and (2) if so, whether it would be manifestly unjust to fail to consider the non-statutory mitigating factor or factors in imposing Daniels's sentence. Because a single judge who finds a non-statutory

---

[11]   *See State v. McKinney*, 946 P.2d 456, 458 (Alaska App. 1997).

[12]   *See Kirby v. State*, 748 P.2d 757, 765 (Alaska App. 1987); *Smith v. State*, 711 P.2d 561 (Alaska App.1985).

mitigating factor has no authority to impose a sentence below the presumptive range based on that factor, the judge must grant the defendant's request for referral to the three-judge panel unless the court concludes that "no adjustment to the presumptive [range] is appropriate in light of the factor."[13]

Daniels argues that the superior court erred in concluding that he failed to prove the non-statutory mitigating factor of exemplary post-offense conduct. He relies on *State v. McKinney*, where we found that the defendant established the non-statutory mitigating factor of exemplary post-offense conduct based on considerations that were "separate and logically distinct" from the defendant's potential for rehabilitation and that had "significant potential to ameliorate the impact of the offense on the victim."[14]

Here, as the superior court found, there were clearly positive aspects of Daniels's post-offense conduct that were directed at ameliorating the impact of the offense on the victims and the community. Unlike most offenders, Daniels directly reached out to the victims and attempted to make reparations to them and to the community by speaking out about the dangers of drinking and driving. But the majority of the conduct that Daniels relied on to prove this non-statutory mitigating factor — *e.g.*, his successful completion of alcohol treatment and his full compliance with every aspect of his pretrial release — is more properly viewed as actions directed toward self-improvement and rehabilitation rather than actions directed towards others, as was the case in *McKinney*. Given this, we agree with the superior court that Daniels's post-offense conduct was not sufficiently exemplary to establish a distinct non-statutory mitigating factor, particularly since the court took account of the same conduct when it

---

[13] *Kirby*, 748 P.2d at 765.

[14] *McKinney*, 946 P.2d at 458.

addressed Daniels's proposed non-statutory mitigating factor of extraordinary potential for rehabilitation.

This brings us to the court's ruling on the non-statutory mitigating factor of extraordinary potential for rehabilitation. A defendant who asserts the non-statutory mitigating factor of extraordinary potential for rehabilitation must prove by clear and convincing evidence that he or she "can adequately be treated in the community and need not be incarcerated for the full presumptive term in order to prevent future criminal activity."[15]

The sentencing judge's analysis of this issue is somewhat unclear. As Daniels points out, the judge made some remarks suggesting that he did find this non-statutory mitigating factor: the judge declared that Daniels's potential for rehabilitation was "great," and that Daniels was "unlikely to commit this kind of misjudgment again, ever." The judge also expressed concern that sentencing Daniels within the presumptive range was "throwing away a life worth saving" and that this decision "may end up being a burden on [the judge's] own soul that will erode [the judge's] conscience as time goes on." And yet the judge's final statement on this issue was "I am not persuaded that ... I can find that [Daniels's] potential for rehabilitation is so extraordinary that it warrants referral to the three-judge panel[.]"

Daniels reads this last statement as the judge's conclusion that he did *not* establish the non-statutory mitigating factor. That reading is bolstered by the fact that, after making this finding, the sentencing court did not go on to separately analyze the second prong of the test — whether, having found the non-statutory mitigating factor,

---

[15]  *Smith v. State*, 258 P.3d 913, 917 (Alaska App. 2011) (quoting *Beltz v. State*, 980 P.2d 474, 481 (Alaska App. 1999)) (other citations omitted).

it would be manifestly unjust to fail to make some adjustment, however small, to the sentence allowed by the presumptive sentencing range based on that factor.[16]

The State urges us to read the judge's remarks as constituting alternative findings — that is, as finding that Daniels did not have extraordinary potential for rehabilitation but that, even if he did, it would not be manifestly unjust to fail to refer his case to the three-judge sentencing panel based on that factor. In support of this view, the State contends that the superior court's lengthy discussion of *Bossie v. State*[17] demonstrates that the court applied a similar analysis in Daniels's case. In *Bossie*, the superior court found that the defendant had extraordinary potential for rehabilitation but that referral to the three-judge panel was nevertheless not warranted.[18]

But in *Bossie*, unlike in this case, the judge explicitly found that imposing a sentence below the presumptive range based on the non-statutory mitigating factor of extraordinary potential for rehabilitation would be manifestly unjust. And we relied on that finding to uphold the judge's decision: "Since [the judge] found that *any* reduction of the presumptive term would affirmatively create injustice (by yielding a sentence that would be clearly mistaken under the *Chaney* criteria), it necessarily follows that he believed there was no manifest injustice in failing to adjust the presumptive term for the non-statutory mitigator."[19]

---

[16]  *See Garner v State*, 266 P.3d 1045, 1051 (Alaska App. 2001); *Silvera v. State*, 244 P.3d 1138, 1149 (Alaska App. 2010).

[17]  835 P.2d 1257 (Alaska App. 1992).

[18]  *Id.* at 1258.

[19]  *Id.* at 1259 (emphasis added).

Based our own review of the sentencing record, we cannot tell whether the judge found that Daniels established extraordinary potential for rehabilitation. And if the judge did find that Daniels established this non-statutory mitigator, it is not clear that the court went on to consider whether it would be manifestly unjust to fail to make some adjustment, however small, to the presumptive range based on this factor. Because we cannot ascertain with certainty what the court's analysis was, we cannot resolve Daniels's claim that the analysis was faulty.

We therefore conclude that a remand for further clarification is needed. Absent that clarification, we are reluctant to adopt a reading of the record that may not be what the court intended. In a case in which the sentencing court was so obviously torn as to whether to refer sentencing to the three-judge panel, we are particularly hesitant to put our own gloss on the judge's ambiguous remarks. As we have emphasized in prior cases, when the issue of manifest injustice is a close one, any doubt on the part of the superior court should be resolved in favor of referring the case to the three-judge panel.[20]

*Conclusion*

We REMAND the case for clarification of the court's ruling on whether Daniels established the non-statutory mitigating factor of extraordinary potential for rehabilitation and, if he did, whether it would be manifestly unjust to fail to make some adjustment, however small, to the sentence allowed by the presumptive sentencing law based on that factor. The superior court shall report to us within 90 days of the issuance of this opinion. We retain jurisdiction of this case.

---

[20] *Harapat v. State*, 174 P.3d 249, 255-56 (Alaska App. 2007); *Lloyd v, State*, 672 P.2d 152, 155 (Alaska App. 1983).